IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TODD JAMES RAINES, #A0174414, | ) ) ) | CIV. NO. 16-00197 DKW/RLP |
| Plaintiff, | ) ) ) | ORDER DISMISSING FIRST AMENDED COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. |
| vs. | ) ) | §§ 1915(e)(2) & 1915A(b) |
| SCOTT JINBO, JEANETTE BALTERO, SHARI KIMOTO, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER DISMISSING FIRST AMENDED COMPLAINT AND ACTION
PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

Before the court is pro se Plaintiff Todd James Raines' first amended

prisoner civil rights complaint ("FAC").  Doc. No. 10.  Raines alleges Hawaii

Department of Public Safety ("DPS") Mainland Branch Unit ("MBU") Contract

Monitors Scott Jinbo and Jeanette Baltero, and Saguaro Correctional Center

("SCC") MBU Administrator Shari Kimoto (collectively, "Defendants") violated

his right to due process under the Fourteenth Amendment, Article I, Section Five

of the Hawaii Constitution, and Hawaii Revised Statutes §§ 92F, 706-669, and

706-770.[1]  Raines further alleges state common law claims of negligence and

_____

[1]Raines is a state prisoner incarcerated at SCC, which is located in Eloy, Arizona.

defamation.  Raines invokes federal jurisdiction under 42 U.S.C. §§ 1983 and

1985, and 28 U.S.C. § 1331.

For the following reasons, the FAC and this action are DISMISSED with

prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) &

1915A(b).

## I.  <u>BACKGROUND</u>[2]

Raines is serving a term of life with parole for Murder, and five years for

Forgery in the Second Degree.  *See State v. Raines*, 1PC85-0-000146 (Haw. 1st

Cir. 1999), Dkt. No. 173: http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm.

(last visited July 7, 2016).  In 1999, the Hawaii Paroling Authority ("HPA") set

Raines' minimum term at forty years.  FAC, Doc. No. 10, PageID #126.  In 2004,

the HPA reduced that minimum term to thirty-five years.  *Id.*  On or about May 23,

2016, after Raines commenced this action, the HPA reduced his minimum term to

thirty years.  *Id.*

Raines claims that on or about September 25, 2014, SCC Assistant Warden

Griego charged him with violating SCC policies: "C-9 Failure To Follow/C-12

---

[2]The claims in the FAC are unchanged from those asserted in the original Complaint, except for the addition of Defendant Shari Kimoto and deletion of Defendants DPS and Does 1-10.  The court carefully detailed the underlying facts in the Order Dismissing Complaint With Leave to Amend Pursuant to 28 U.S.C. § 1915(e)(2) & 1915A(b) ("June 1, 2016 Order"), Doc. No. 9, and will only summarize Raines' claims here, except where additional detail is needed.

Hindering," and transferred him to a segregated housing unit. *Id.*, PageID #124. SCC officials notified Defendants of Raines' charges on or about September 26, 2014. On September 30, 2014, Raines was found guilty of both charges and sentenced to sixty days in disciplinary segregation.

On or about October 1, 2014, Defendants Jinbo and Baltero reviewed Raines' new charges, allegedly converted them to non-equivalent DPS misconduct violations, and entered this information into Raines' prison file. Raines alleges Jinbo and Baltero had no authority to edit his institutional file.

Raines asserts this change in his institutional file affected his consideration for parole and delayed his ability to participate in programs required for parole consideration, such as the DPS work-furlough program. Raines does not explain Defendant Kimoto's actions or involvement in any of his claims, although he broadly alleges that "Defendants" violated his rights in each of his claims.

## II.  LEGAL STANDARD

The court must screen all prisoner civil actions seeking redress from a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). Complaints or claims that are frivolous, malicious, fail to state a claim, or seek relief from an immune defendant must be dismissed. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). The court must set conclusory factual

allegations aside, accept non-conclusory factual allegations as true, and determine

whether these allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556

U.S. 662, 677-80 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). Plausibility does not mean "probability," but it requires "more than a

sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

To state a claim, a pleading must contain a "short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A

complaint that lacks a cognizable legal theory or alleges insufficient facts under a

cognizable legal theory fails to state a claim. *Balistreri v. Pacifica Police Dep't*,

901 F.2d 696, 699 (9th Cir. 1990). "Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556

U.S. at 679; *Twombly*, 550 U.S. at 555.

Leave to amend should be granted if it appears the plaintiff can correct the

complaint's defects. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). A court

has the discretion to dismiss a complaint without leave to amend, however, when

"it is clear that the complaint could not be saved by any amendment." *Sylvia*

*Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III. DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983.

Additionally, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.     Fourteenth Amendment:  Counts I, III, V

The Fourteenth Amendment protects prisoners against deprivation or restraint of "a protected liberty interest" under the Constitution or under state law as created by imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted); *see also Wilkinson v. Austin*, 545 U.S. 209, 221 (2005);

*Chappell v. Mandeville*, 706 F.3d 1052, 1062 (9th Cir. 2013).  Determination of an

atypical hardship is guided by:

> (1) whether the challenged condition "mirrored those conditions imposed upon inmates in administrative segregation and protective custody," and thus comported with the prison's discretionary authority; (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Id.* at 861 (quoting *Sandin*, 515 U.S. at 486-87).

If an inmate has a protected federal or state-created liberty interest, due

process requires: (1) written notice of charges at least 24 hours before the

disciplinary hearing; (2) a written statement as to the evidence relied on and

reasons for the disciplinary action; (3) the right to call witnesses and present

documentary evidence if this will not jeopardize institutional safety or correctional

goals; (4) an impartial hearing panel; and (5) assistance from inmates or prison

staff in complex cases.  *Wolff v. McDonnell*, 418 U.S. 539, 563-72 (1974).

Due process also requires "some evidence" to support the disciplinary

findings.  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *Bruce v. Ylst*, 351 F.3d

1283, 1287 (9th Cir. 2003).  Whether there is "some evidence" to support

imposition of discipline "is a question of law."  *Castro v. Terhune*, 712 F.3d 1304,

1313-14 (9th Cir. 2013) (discussing a gang validation determination).  The "some

evidence" standard is "minimally stringent."  *Castro*, 712 F.3d at 1314 (quoting

6

*Powell v. Gomez*, 33 F.3d 39, 40 (9th Cir. 1994)).  The relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached." *Hill*, 472 U.S. at 455-56.

## B.    Application

Raines does not challenge the September 2014 SCC disciplinary proceeding or sixty-day sanction that he received.  Nor could he, as that sanction was imposed in Arizona, by SCC prison officials, based on events that occurred in Arizona.  As the June 1, 2016 Order informed him, any challenge to that proceeding belongs in Arizona.  *See* June 1, 2016 Order, Doc. No. 9, PageID #113 n.8.  Rather, Raines challenges Jinbo's and Baltero's allegedly false or inaccurate alteration of his DPS institutional file to include the SCC charges as edited to equate to DPS charges. Raines alleges this false and inaccurate information has or will negatively affect his consideration for parole and ability to participate in programs required for parole, and thus, inevitably extend his sentence.

There is a two-step inquiry to determine whether a prisoner's procedural due process rights were violated.  The court first determines if the plaintiff possesses a liberty or property interest with which the state interfered.  *See, e.g., Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003); *Biggs v. Terhune*, 334 F.3d 910, 913 (9th Cir. 2003).  If the prisoner has such an interest, the court next determines if the

state's action was preceded by sufficient procedural and evidentiary safeguards. *See Serrano*, 345 F.3d at 1078-79; *Freudenberg v. Sakai*, 2014 WL 4656485, at *3 (D. Haw. Sept. 16, 2014).

First, it is long-settled that Hawaii's inmates have no federal or state-created liberty interest in parole. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979); *Jago v. Van Curren*, 454 U.S. 14, 17-21 (1981) (holding there is no constitutionally protected interest in a parole date even after a parole date is set); *Mujahid v. Apao*, 795 F. Supp. 1020, 1024 (D. Haw. 1992) (finding no state-created liberty interest in parole under Hawaii's parole regime); *Rideout v. Haw. Paroling Auth.*, 2014 WL 1571286, at *3 (D. Haw. April 17, 2014) (same, collecting District of Hawaii cases); *Turner v. Haw. Paroling Auth.*, 93 Haw. 298, 302, 1 P.3d 768, 772 (2000) (holding no right to parole exists under Hawaii law).

Second, Raines has no protected liberty interest in participating in prison rehabilitation programs, vocational programs, or in the DPS work furlough program, regardless of whether such programs are required for parole consideration. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998); *Freudenberg*, 2014 WL 4656485, at *3.

Third, the mere possibility that a disciplinary action taken against a prisoner could later influence a prisoner's chance at early release is "too attenuated" to implicate the Due Process Clause. *Sandin*, 515 U.S. at 487. "The decision to release a prisoner rests on a myriad of considerations. And, the prisoner is afforded procedural protection at his parole hearing in order to explain the circumstances behind his misconduct record." *Id.*

Even accepting that Jinbo and Baltero entered inaccurate or false information in Raines' institutional file that may delay his consideration for parole, Raines fails to show that this imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484. Raines has no liberty interest in the accuracy of his prison file unless the allegedly erroneous information will "*inevitably* affect[] the duration of his sentence." *Ricchio v. Eichenberger*, 2011 WL 43536, at *3 (E.D. Cal. Jan. 6, 2011) (emphasis added); *Ramirez*, 334 F.3d at 859-60 (holding inmate has a right to expungement only if expungement is likely to accelerate the prisoner's eligibility for parole); *Rio v. Schwarzenegger*, 2009 WL 1657438, at *6 (C.D. Cal. June 10, 2009) ("[A]n inmate seeking to expunge erroneous information from his file under the Due Process Clause 'must show that the false information will inevitably lengthen the duration of the inmate's incarceration.'"). The allegedly inaccurate information contained in

Raines institutional file will not inevitably affect his life with parole sentence. *See Meachum*, 427 U.S. at 225.

Raines fails to allege facts showing that the changes to his DPS institutional file created atypical and significant deprivations to his confinement in relation to the normal incidents of prison life, or will invariably affect the duration of his sentence. *See Ramirez*, 334 F.3d at 861 (further citations omitted). Raines' federal due process claims are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Because amendment appears futile, this dismissal is with prejudice.

## C.    State Law Claims

The court declines to exercise supplemental jurisdiction over Raines' state law claims, and they are dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3) (discussing when a federal court may accept or decline supplemental jurisdiction).

## IV.  28 U.S.C. § 1915(g)

This dismissal shall count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g), unless it is overturned on appeal. Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 -

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## V.  CONCLUSION

(1)  The Complaint and this action are DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2).   Because amendment is futile, this dismissal is with prejudice.

(2) All pending motions are DENIED.  The Clerk is directed to terminate this action and close the file.

IT IS SO ORDERED.

DATED: July 13, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

_____

*Todd James Raines v. Hawaii Dep't of Public Safety, et al.*; Civil No. 16-00197 DKW-RLP;
**ORDER DISMISSING FIRST AMENDED COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

*Raines v. Hawaii Dep't of Public Safety,* 1:16-cv-00197 DKW/RLP; scr'g 2016 dkw (FAC no dp pris. file; dsm action);